UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARLON SHANNON, | |
| Petitioner, | No. 16 C 5575 |
| v. | Judge Thomas M. Durkin |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

MEMORANDUM OPINION AND ORDER

Marlon Shannon filed a petition pursuant to 28 U.S.C. § 2255. R. 1. For the following reasons, Shannon's petition is denied.

After a jury trial, Shannon was convicted of selling drugs. The primary evidence in the trial were video and audio recordings of the drug sale made by a confidential informant. An FBI agent also testified as an expert regarding the slang terms used by Shannon and others in the recordings.

Shannon argues that his trial counsel was ineffective for failing to compel the government to turn over the identity of the confidential informant. But the record reflects that Shannon's counsel knew this information. Counsel said as much on the record before trial, *see* 13 CR 535, R. 35 at 103 (207:17-22), and told the Court that he planned to use only the informant's first name during trial, *id.* Counsel followed through on this plan in his opening statement identifying the informant as "Al." *See* 13 CR 535, R. 34 at 33-34 (33:24–34:1). Shannon also certainly knew the informant's

identity. He addressed the informant by name on the recording. *See* 13 CR 535, R. 35 at 55 (159:9-11); *id.* at 64-65 (168:20–169:5). Thus, there was no need for counsel to compel this information and Shannon's argument is meritless. *See Hinton v. United States*, 2015 WL 1943261, at *2 (N.D. Ill. Apr. 29, 2015). ("Because Petitioner knew the identity of the confidential informant, he was not prejudiced by counsel's allegedly deficient performance in failing to file a supplemental or separate motion to produce the confidential informant.").

Shannon argues that his attorney should have called the confidential informant as a witness to explain (1) why the informant increased the amount of drugs he sought in the deal; (2) that the money Shannon received on the recording was actually a loan unrelated to the drug transaction; and (3) that Shannon never actually handled the money. But beyond Shannon's argument on this motion, there is no reason to believe that the informant would have testified in this manner. It was entirely reasonable for Shannon's counsel to believe that the informant's testimony would only have served to confirm what was readily apparent from the recordings as explained by the FBI agent's testimony. Counsel's decision not to call the informant as a witness does not come close to rising to a *Strickland* violation. *See Strickland v. Washington*, 466 U.S. 668, 688-89 (1984) (a petitioner "must show that counsel's representation fell below an objective standard of reasonableness" and overcome "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance").

In his supplemental reply brief, R. 11; R. 12, Shannon raises a new argument that his counsel should have called a witness to rebut the FBI agent's testimony regarding the meaning of the slang terms used in the recordings. But Shannon never actually argues that the FBI agent's testimony was incorrect. Presumably, Shannon understood what was said on the recordings, yet he does not contend that he told his counsel that the FBI agent's testimony required rebuttal. It would be unreasonable to require Shannon's counsel to search for a rebuttal expert when there was no indication that the FBI agent's testimony was incorrect.

Shannon also argues that the court should have applied a "minor role" reduction in calculating his Guidelines sentence pursuant to a retroactive amendment to the commentary to § 3B1.2. But Shannon was subject to a statutory minimum sentence for his offense. To the extent a "minor role" reduction was appropriate, it would not have changed the Guidelines calculation. Since the failure to apply a "minor role" reduction would not have resulted in a shorter sentence, the Court need not decide whether Shannon qualifies for a minor role reduction or whether such a claim is cognizable under § 2255. *See United States v. Villegas*, 388 F.3d 317, 326 (7th Cir. 2004) (rejecting petitioner's ineffective assistance of counsel claim because the petitioner received the mandatory minimum sentences for his offenses and "even if counsel failed in some way with respect to representing [the petitioner] at sentencing, this failing did not impact [the petitioner's] sentence"); *United States v. Ivory*, 11 F.3d 1411, 1413 (7th Cir. 1993) (declining to decide whether a minor role reduction applied because petitioner had been sentenced to the

mandatory minimum under the statute, and "the answer makes no difference to her sentence").

Lastly, the Court declines to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2). Rule 11(a) of the Rules Governing § 2255 Cases provides that the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." *See Gonzalez v. Thaler*, 565 U.S. 134, 143 n.5 (2012). To obtain a certificate of appealability, a habeas petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This demonstration "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Lavin v. Rednour*, 641 F.3d 830, 832 (7th Cir. 2011). Here, the Court's denial of Shannon's petition rests on application of well-settled precedent. Accordingly, certification of Shannon's claims for appellate review is denied.

## Conclusion

For the foregoing reasons, Shannon's petition, R.1, is denied.

ENTERED:

_Thomas M Durkin_
Honorable Thomas M. Durkin
United States District Judge

Dated: August 1, 2018

4